FILED
2019 Feb-20  PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSHUA M. SMITH,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | ) | **2:19-cv-00034-SGC** |
| **BMW FINANCIAL SERVICES** | ) | |
| **N.A., LLC** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Joshua M. Smith, and for his Complaint against the Defendant states the following:

### PARTIES[1]

1. The Plaintiff, Joshua Smith ("Smith") is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2. The Defendant, BMW Financial Services N.A., LLC ("BMW Financial"), is a foreign limited liability company formed under the laws

---

[1] Plaintiff believes another entity was also involved in the wrongful repossession of Plaintiff's car. At this time, Plaintiff does not know the name of this entity. Plaintiff intends to amend his Complaint to add this entity along with additional claims once the name of this entity has been ascertained.

of the State of Delaware and having a principal place of business in the State of New Jersey and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama.  BMW Financial Services NA, LLC is a private limited liability company operating as a wholly-owned subsidiary of BMW of North America, LLC.  BMW of North America, LLC is a private Delaware limited liability company operating as a wholly-owned subsidiary of BMW (US) Holding Corp.  BMW (US) Holding Corp. is a Delaware corporation operating as a wholly-owned subsidiary of BMW AG.  BMW AG is a German corporation iwth a principal place of business located in Munich, Germany.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under § 1332 since the parties are diverse and the amount at stake exceeds $75,000.00. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

4. On or about December 21, 2013, Plaintiff purchased a 2011 BMW 750i ("the Vehicle") from non-party Sai Imports and

contemporaneously executed a financing and security agreement on the Vehicle with Defendant BMW Financial.

5. On or about May 31, 2018, after Plaintiff had missed some payments, Plaintiff contacted Defendant BMW Financial regarding bringing his account current.

6. Defendant BMW Financial's agent stated that Plaintiff needed to pay $1,949.10 to bring the account current. The Defendant's agent also stated that if the account was brought current, then the Vehicle would not be repossessed.

7. On May 31, 2018, Plaintiff paid $1,949.10 pursuant to the agreement with the BMW Financial agent.

8. Despite making this agreed upon payment in order to bring the account current and avoid repossession, on or about May 31, 2018, the Vehicle was repossessed by Defendant BMW Financial.

9. Upon information and belief, the repossession was conducted by a third-party contracted with Defendant BMW Financial ("The Repossession Company").

10. At the time of the repossession, the Vehicle was located at Plaintiff's residence and Plaintiff's parents were at the residence along with co-

workers of the Plaintiff's mother.

11. Plaintiff's mother heard The Repossession Company arrive at her house and went outside to meet The Repossession Company.

12. Plaintiff's mother objected to The Repossession Company's taking the car and asked the agent to leave the premises.

13. The agent for The Repossession Company did not leave and continued with the repossession even though Defendant BMW Financial and The Repossession Company had lost any present right to the car by trespassing and by breaching the peace.

14. Plaintiff's mother and the co-workers initially wanted to block The Repossession Company agent from leaving but decided to let him leave out of fear they would be breaking the law.

15. The Vehicle was towed off and placed with a third-party pending auction.

16. On July 31, 2018, before The Vehicle was auctioned off, Plaintiff paid Defendant BMW Financial the amount of $15,493.46 to gain back possession and clear title to The Vehicle.

17. Upon regaining possession of The Vehicle, Plaintiff observed that The Vehicle had been damaged while in the possession of Defendant

      BMW Financial and The Repossession Company.

18. In addition, the Plaintiff suffered embarrassment, anxiety, mental distress, and other physical and mental damages due to the actions of Defendant BMW Financial and The Repossession Company.

## COUNT ONE
### NEGLIGENCE CLAIM AGAINST DEFENDANT

19. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

20. The Defendant was under a duty to not to take possession cars that were not in default, to not trespass, to not breach the peace, and to not to damage cars in its possession.

21. The Defendant breached that duty.

22. As a proximate cause of Defendant's negligence, the Plaintiff was deprived of the Vehicle and has suffered embarrassment, anxiety, mental distress, property damage and other physical and mental damages.

## COUNT TWO
### WANTONNESS CLAIM AGAINST DEFENDANT

23. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

24. Defendant, with reckless disregard of the natural or probable

consequences of its actions, acted in a manner that resulted in the unlawful repossession of the Vehicle.

25. Defendant knew, or should have known, that its actions would likely or probably result in injuries such as those sustained by Plaintiff.

26. As a proximate cause of Defendant's wantonness, the Plaintiff has been deprived of the Vehicle and has suffered embarrassment, anxiety, property damage, mental distress, and other physical and mental damages.

## COUNT THREE
## CONVERSION CLAIM AGAINST DEFENDANT

27. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

28. The Defendant did not have a present and immediate right of possession of the Vehicle at the time of repossession.

29. Without the Plaintiff's consent, the Defendant intentionally deprived the Plaintiff of his rightful possession of the Vehicle.

30. At all times relevant hereto, the Defendant acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

31. As a result of the Defendant's conduct, the Plaintiff has been deprived of the Vehicle and has suffered embarrassment, property damage, anxiety, mental distress, and other physical and mental damages.

## COUNT FOUR
## VIOLATION OF U.C.C. AGAINST DEFENDANT BMW FINANCIAL

32. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

33. Defendant improperly repossessed the Vehicle without a present right to take such action.

34. This conduct violates Alabama Code § 7-9A-101, *et seq*.

35. As a result of this violation, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, property damage and metal distress, and other physical and mental damages.

## COUNT FIVE
## BREACH OF CONTRACT AGAINST DEFENDANT BMW FINANCIAL

36. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

37. Plaintiff and Defendant BMW Financial entered into a contract that provided for the financing of the Vehicle.

38. Defendant BMW Financial breached that contract when it wrongfully repossessed the Vehicle.

39. As a result of the breach of contract, Plaintiff suffered damage.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants as follows:

40. Compensatory and punitive damages against the Defendant;

41. Remedies available against Defendant under Alabama Code § 7-9A-101, *et seq.*, and any other statutory damages under the UCC; and

42. Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

*/S/ W. WHITNEY SEALS*
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com

*/S/ JOHN C. HUBBARD*
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com

## CERTIFICATE OF SERVICE

 I hereby certify that on this the 20th day of February, 2019, the foregoing is electronically filed with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of such filing to the following:

Christopher A. Bottcher, Esq.
T. Dylan Reeves, Esq.
McGlinchey Stafford, PLLC
505 North 20th Street, Suite 800
Birmingham, AL 35203
(205) 725-6400
(205) 623-0810 (facsimile)

 and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

 NONE.

            */S/ W. WHITNEY SEALS*
            W. WHITNEY SEALS,
            Attorney for Plaintiff