FILED

2019 May-15  PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA M. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.:  19-CV-00034-SGC** |
| | ) |
| **BMW FINANCIAL SERVICES, N.A., LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER TO THIRD AMENDED COMPLAINT

BMW Financial Services, N.A., LLC (hereinafter "BMW") answers each paragraph of Plaintiff's third amended complaint as follows:

1.    BMW is without sufficient information to admit or deny the averments contained in this paragraph and therefore denies them.

2.    BMW admits that it is a foreign entity that lawfully conducts business in Alabama.

3.    BMW is without sufficient information to admit or deny the averments contained in this paragraph and therefore denies them.

4.    BMW is without sufficient information to admit or deny the averments contained in this paragraph and therefore denies them.

5.    BMW admits that this Court has jurisdiction and that venue is proper.

2295393.1

6.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

7.     BMW admits that Plaintiff breached his agreement by failing to make payment as agreed.

8.     BMW denies making any mis-statements to Plaintiff.  To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

9.     BMW denies that Plaintiff cured his default.  To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

10.     BMW denies making any mis-statements to Plaintiff.  BMW denies that Plaintiff cured his default.  To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

11.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

12.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

13.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

14.     Denied.

15.     Denied.

16.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

17.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

18.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

19.     Denied.

20.     Denied.

21.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

22.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

23.     Denied.

24.     Denied.

25.     To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

26.     Denied.

27.     Denied.

2295393.1

28.    Denied.

29.    To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

35.    Denied.

36.    Denied.

37.    Denied.

38.    To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

39.    To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

40.    Denied.

41.    Denied.

42.    To the extent this paragraph contains any allegations or averments of wrongful or tortious conduct by BMW, it denies those allegations and averments.

43.    Denied.

44.    Denied.

45.    Denied.

As for the unnumbered paragraphs immediately following paragraph 45, BMW denies that Plaintiff is entitled to any damages, recovery, or relief from it whatsoever.

46.    BMW denies that Plaintiff is entitled to any damages, recovery, or relief from it whatsoever.

47.    BMW denies that Plaintiff is entitled to any damages, recovery, or relief from it whatsoever.

48.    BMW denies that Plaintiff is entitled to any damages, recovery, or relief from it whatsoever.

49.    BMW denies that Plaintiff is entitled to any damages, recovery, or relief from it whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his contributory negligence.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his assumption of the risk.

### THIRD AFFIRMATIVE DEFENSE

BMW pleads lack of damage.

2295393.1

5

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by a superseding, intervening cause.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by third parties for whom or which BMW is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

BMW pleads lack of proximate cause.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his breaches of the contract(s) at issue.

## EIGHTH AFFIRMATIVE DEFENSE

BMW's actions were in accordance with the contract(s) at issue, as well as applicable law.

## NINTH AFFIRMATIVE DEFENSE

BMW pleads last clear chance.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

BMW pleads privilege.

## TWELFTH AFFIRMATIVE DEFENSE

BMW's actions were commercially reasonable.

## THIRTEENTH AFFIRMATIVE DEFENSE

The parties' agreements provided reasonable standards for each party's rights and obligations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant denies that it is guilty of any conduct which entitles Plaintiff to recover punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every Count thereof, to the extent that it seeks exemplary or punitive damages, violates BMW's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates BMW's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates BMW's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

2295393.1

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to BMW under the Constitution of the United States of America.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to BMW under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## NINETEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to BMW under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently BMW is entitled to the same procedural safeguards accorded to criminal defendants.

2295393.1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against BMW punitive damages, which are penal in nature, yet compel BMW to disclose potentially incriminating documents and evidence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against BMW punitive damages, which are penal in nature, yet compel BMW to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against BMW which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901 because the authorization for unlimited punitive damages awards have a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries

2295393.1

may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tortfeasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives BMW of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

2295393.1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in <u>BMW v. Gore</u>, 116 S.Ct. 1589 (1996), determined that the provisions of  Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under <u>BMW v. Gore</u>, 116 S.Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that this Defendant will more fully comply with this state's laws in the future.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to <u>Ala. Code</u> §6-11-20 and §6-11-30 (1975), and thereby any claim for such damages is barred.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in §6-11-21, <u>Code of Ala.</u> (1975).  The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect.  Under the Constitution of the United States and the State of Alabama, the Alabama Supreme

Count cannot abolish the cap created by the Legislature on punitive damages through judicial fiat.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against BMW cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the defendants for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate BMW's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§1, 6, 13 and 22 of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I §9 of the United States Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive is barred to the extent that it seeks the admission into evidence of BMW's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages

2295393.1

are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§1, 6, 13 and 22 of the Alabama Constitution.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against BMW cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate BMW's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against BMW cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate BMW's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The Alabama statute authorizing punitive damages, Ala. Code §6-1-20 (1993) is constitutionally vague as written, construed, and applied.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

BMW pleads the applicability of the Alabama Legislature's amendment to Alabama Code §6-11-21 (1975) with effective date of June 7, 1999.

## FORTIETH AFFIRMATIVE DEFENSE

BMW avers that it did not receive fair notice that the conduct that is alleged in Plaintiff's Complaint might subject it to punishment.

## FORTY-FIRST AFFIRMATIVE DEFENSE

BMW avers that it did not receive fair notice of the severity of the penalty that might be imposed for the alleged conduct set out in Plaintiff's Complaint.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The claims for punitive damages against BMW are barred for reasons that Plaintiffs cannot produce clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against this Defendant.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on a violation of due process of law as set forth in State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed. 2d. 585 (2003). Assuming arguendo Plaintiff could produce evidence sufficient to support an award of punitive damages, any award in excess of three (3) times compensatory damages would be an unconstitutional violation of BMW's right to due process of law as set forth in the Gore and State Farm cases, supra.

2295393.1

## FORTY-FOURTH AFFIRMATIVE DEFENSE

BMW reserves the right to amend its Answer and Affirmative Defenses as discovery progresses.

> s/ Christopher A. Bottcher
> Christopher A. Bottcher (ASB-2085-T68C)
> T. Dylan Reeves (ASB-3462-T75R)
> Attorneys For BMW Financial Services,
> N.A., LLC

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
cbottcher@mcglinchey.com
dreeves@mcglinchey.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2019, I filed the foregoing with the Clerk of the Court, which will send notification of such filing to the following:

W. Whitney Seals
Cochrun & Seals, LLC
P. O. Box 10448
Birmingham, AL 35202-0448

> s/ Christopher A. Bottcher
> OF COUNSEL

2295393.1